**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 28, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10527
Summary Calendar

_____

VETCO SALES, INC.;

Plaintiff - Counter Defendant - Appellee;

versus

VANCE VINAR, SR.; BARBARA V. VINAR; CABLE CONNECTION & SUPPLY CO.
INC;

Defendants - Third Party Plaintiffs - Counter Claimants -
Appellants;

versus

TROY MURPHY;

Third Party Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
District Court Cause No. 02-CV-1767

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

This appeal arises from an order denying the defendant-appellants' motion to stay trial proceedings pending arbitration.

---

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

In its order, the district court determined that the plaintiff-appellee's claims were not covered by an arbitration agreement and denied the request to stay. In response, the defendant-appellants filed a notice of appeal.

## Jurisdiction

The plaintiff-appellee contends this Court lacks jurisdiction over this appeal because the order the defendant-appellants challenge is not a final decision under section 16(a)(3) of the Federal Arbitration Act (the Act).[2] Although the challenged order is not a final decision, this Court has jurisdiction over the appeal because section 16(a)(1)(A) provides for appellate review of an order "refusing a stay of any action under section 3" of the Act.[3] Section 3 directs a district court, upon request from one of the parties, to stay proceedings on issues subject to arbitration until the arbitration is completed.[4] Here, the defendant-appellants moved for a stay of proceedings on the grounds that the plaintiff-appellee's claims were subject to an arbitration agreement. Because the district court refused to stay proceedings, the order is appealable.[5]

---

[2]*See* 9 U.S.C. § 16(a)(3) (providing for appeals of final decisions with respect to arbitration).

[3]*See* 9 U.S.C. § 16(a)(1)(A).

[4]*See* 9 U.S.C. § 3.

[5]The defendant-appellants' motion could be characterized as a motion to compel arbitration, but this Court would still have jurisdiction over the appeal because section 16 also provides for

## Whether the Dispute Is Subject to Arbitration

The defendant-appellants maintain the district court erred in denying the motion for a stay because the underlying dispute is subject to an arbitration agreement.  The disputed arbitration provision is included in a Buy-Sell Agreement and Shareholder's Control Agreement (the Buy-Sell Agreement) between Vance Vinar, one of the defendants below and an appellant in this appeal; Troy Murphy, a third party defendant in the underlying lawsuit; and Vetco Sales, Inc., the plaintiff and appellee.  At the time, the parties entered into the Buy-Sell Agreement, Murphy owned 100% of shares in Vetco.  Under the Buy-Sell Agreement, Murphy sold 49% of his shares to Vinar.  The Buy-Sell Agreement provided that Murphy would control Vetco's day-today operations, and contained a sales agreement which required Vetco to pay certain commissions to Cable Connection, Inc., a company owned by Vinar and his wife, Barbara, another defendant-appellant.  The Buy-Sell Agreement contained an arbitration clause.

Ultimately, the business relationship between the parties deteriorated, and the parties decided to end their relationship. The parties memorialized their agreement to end their relationship on April 26, 2002 in a Buy-Out Agreement and Settlement (the Buy-Out Agreement).  Under the Buy-Out Agreement,

_____

an appeal of an order denying a motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B) & (C).

Vinar sold his shares in Vetco back to Murphy, and Cable Connection agreed to provide adequate administrative services to Vetco during a contractually defined transition period. The Buy-Out Agreement did not contain an arbitration clause.

In the lawsuit underlying this appeal, Vetco alleges that Vinar, Vinar's wife, and Cable Connection breached the Buy-Out Agreement by failing to provide adequate administrative services and by refusing to deliver certain documents and other property. Although the Vinars and Cable Connection maintain these claims are subject to the arbitration clause of the original Buy-Sell Agreement, the district court correctly disagreed.

Arbitration is a matter of contract between the parties.[6] Although the parties' intentions control, a court must generously construe issues of arbitrality.[7] To determine whether to compel arbitration, a court must first determine whether the parties agreed to arbitrate the dispute.[8] In determining whether a dispute is arbitrable, the court must employ the rules of contract construction to determine the intent of the parties.[9] The court must resolve any doubts concerning the scope of

---

[6]*See Pennzoil Exploration and Prod. Co. v. RAMCO Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998) (citations omitted).

[7]*See Pennzoil Exploration*, 139 F.3d at 1065.

[8]*See id.*

[9]*See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

4

arbitrable issues in favor of arbitration.[10]  Although federal

law favors arbitration, a court may not compel a party to

arbitrate a dispute it did not agree to arbitrate.[11]  This Court

reviews a district court order refusing to stay an action pending

arbitration de novo.[12]

In the instant case, the disputed arbitration clause

provided that "[e]ach dispute, claim and controversy (whether

arising during or after the term hereof) arising out of this

Agreement or breach thereof (including but not limited to the

validity of the agreement to arbitrate and the arbitrality of any

matter) shall be settled, upon demand and written notice by

arbitrator agreed upon by the parties."  The "arising out of"

language indicates the parties intended to limit the

applicability of this clause.[13]  Because the clause was included

in the Buy-Sell Agreement, and the clause refers to the Buy-Sell

Agreement, the "arising out of" language indicates the parties

intended to arbitrate disputes that might arise out of the Buy-

Sell Agreement.  Because the arbitration clause applies to

---

[10]*See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1, 25 (1983).

[11]*See Neal v. Hardee's Food Sys.*, 918 F.2d 34, 37 (5th Cir.
1990).

[12]*See Steel Warehouse Co. v. Abalone Shipping Ltd.*, 141 F.3d
234, 236-37 (5th Cir. 1998).

[13]*See Pennzoil Explor*ation, 139 F.3d at 1067 (discussing the
effect of arbitration language).

5

disputes arising from the Buy-Sell Agreement, the purpose of that agreement is relevant to determining whether the clause applies to the plaintiff-appellee's claims.

Notably, the Buy-Sell Agreement indicates the parties entered into their agreement to restrict transfers of Vetco stock and to provide for the management and control of Vetco. Under the Buy-Sell Agreement, Vinar and Murphy gave each other the right of first refusal in the event the other received an offer for the purchase of their respective shares. Thus, the arbitration provision indicates the parties intended to arbitrate any disputes relating to the transfer of Vetco stock. The plaintiff-appellee's claims, however, do not relate to the transfer of Vetco stock. Instead the plaintiff-appellee complains about the breach of the Buy-Out Agreement.

The Buy-Out Agreement indicates the parties intended to settle and compromise disputes that arose under the Buy-Sell Agreement between Murphy and Vetco, and between Vinar and Cable Connection. As part of that compromise, the parties agreed that Cable Connection would provide administrative services to Vetco during a transition period. Although the defendant-appellants insist the Buy-Out Agreement is merely a document governing the termination of the Buy-Sell Agreement, the Buy-Out Agreement clearly indicates that the parties intended to compromise and settle any dispute that may have arisen under the Buy-Sell Agreement. Indeed, the Buy-Out Agreement specifically provided

6

for the termination of the Buy-Sell Agreement.  As a result, the Buy-Sell Agreement's arbitration provision does not apply to the plaintiff-appellee's claims.

Rather than complain about actions that occurred during the parties' relationship under the Buy-Sell Agreement, Vetco alleges in its complaint that Cable Connection and the Vinars failed to perform their contractual obligations under the Buy-Out Agreement by (1) failing to provide Vetco with financial, accounting, inventory, invoicing, shipping, ordering, data processing and administrative records; (2) failing to provide administrative services; and (3) by assessing and collecting commissions and/or finance charges in excess of their contractual rate.  The Buy-Out Agreement specifically provided for these services.  Vetco further complained that Cable Connection and the Vinars breached their contractual duty of good faith and fair dealing in performing the Buy-Out Agreement.  Although Vetco refers to its relationship to Cable Connection and the Vinars under the Buy-Sell Agreement, the complaint clearly complains about obligations arising from the Buy-Out Agreement, not the Buy-Sell Agreement. And because the Buy-Out Agreement did not contain an arbitration clause, the plaintiff-appellee's claims are not subject to arbitration.

## Conclusion

Because the Buy-Sell Agreement's arbitration clause does not apply to the plaintiff's claims, and because the Buy-Out Agreement did not include an arbitration clause, the plaintiff-appellee's claims are not subject to an arbitration clause. Consequently, the district court did not err by denying the defendant-appellees' motion to stay the plaintiff-appellee's lawsuit pending arbitration. As a result, this Court AFFIRMS the district court's order and REMANDS this case to the district court for further proceedings.

AFFIRMED and REMANDED.