IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-11138

VINEWOOD CAPITAL, LLC.,

Plaintiff - Appellee,

v.

DAR AL-MAAL AL-ISLAMI TRUST; ZIAD RAWASHDEH; KHALID
ABDULLA-JANAHI,

Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:06-CV-316

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendants, Dar Al-Maal Al-Islami Trust, Ziad Rawashdeh and Khalid
Abdulla-Janahi, appeal the denial of their motion for a stay pending arbitration.
Although the Defendants and Plaintiff Vinewood Capital, LLC (or "Vinewood")
have had business dealings together on various issues, there is no written
agreement containing an arbitration agreement that was signed by both sets of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

parties to this dispute or that relates to the claims brought by Vinewood in this case. For the reasons set forth below, we affirm.

I.

The Defendants' motion for stay pending arbitration rests on facts relating to an earlier dispute between some of the parties to this case. On April 1, 2004, Wendel Pardue and Laird Fairchild filed suit in Texas state court ("2004 Texas Action") against their former employer, Overland Realty Capital, LLC("Overland"), related entities and several directors, including Defendant-Appellant Rawashdeh (the "Overland Defendants"). The petition was later amended to add claims against another director and Overland's controlling shareholder, Islamic Investment Company of the Gulf ("IICGB"), a subsidiary of Defendant-Appellant Dar Al-Maal Al-Islami Trust ("DMI Trust"). In the 2004 Texas Action, Pardue and Fairchild alleged that Overland terminated their employment without cause, triggering payment obligations under their employment contracts. They also raised claims for slander, tortious interference, and civil conspiracy.

In June 2004, another former Overland employee, James Conrad and Fairchild met in Geneva with Rawashdeh and Janahi, as representatives of Overland and IICGB, in an attempt to settle the litigation. No settlement was reached.

Several months later the parties reached a settlement and a written Settlement Agreement was executed between the Overland Defendants, and related parties, including Defendants-Appellants Rawashdeh and IICGB, as Defendants, and Conrad, Pardue and Fairchild, as Plaintiffs. The agreement called for a lump sum payment from the Defendants in the 2004 Texas Action of $1.25 million to be split among several former Overland employees.

During the settlement negotiations, Pardue, Fairchild and Conrad proposed that they would create a new real estate investment company, to be

called Vinewood Capital, LLC. They proposed that Vinewood would be the exclusive company used for real estate investments for DMI Trust and its related entities and that it would take over the Asset Management Agreements for real estate from Overland. They also discussed a proposal that the DMI Trust entities would provide a $2.5 million loan to Vinewood as start up capital and an additional $1.5 million payment to Vinewood. However, the final Settlement Agreement simply states that it is an agreement to resolve the issues related to Pardue's, Fairchild's and Conrad's employment with Overland and calls for a payment to them of $1.25 million. The Settlement Agreement says nothing about Vinewood or any of the proposed terms relating to Vinewood. It does contain a broad arbitration provision.

Pardue, Fairchild and Conrad, who were parties to the Settlement Agreement, created Vinewood during the negotiations for the Settlement Agreement. Seven days after the Settlement Agreement was executed, Vinewood entered into a Special Purpose Mudaraba Agreement with August Investment Fund Limited I ("August"). August is a subsidiary of DMI Trust and both Janahi and Rawashdeh are directors of August. This is the second contract that contains a broad arbitration clause that the appellants rely on. A Mudaraba Agreement is an Islamic financing instrument extending credit for an annual fee rather than compounding interest, which is prohibited under Islamic law. Under the agreement August agreed to loan Vinewood $2.5 million. The Mudaraba Agreement does not mention the Settlement Agreement and does not mention any relationship between Vinewood and DMI Trust for real estate investments or otherwise. August later transferred its interest in the Mudaraba Agreement, with Vinewood's consent, to Alpha Investment Fund I Limited.

Vinewood alleges that in November and December of 2004, Vinewood entered into several oral agreements with DMI Trust, through Rawashdeh and Janahi, for managing real estate and that those agreements have been breached.

In May 2006, Vinewood filed this suit in Texas state court against DMI Trust, Rawashdeh and Janahi for claims arising from those verbal agreements. The case was timely removed to federal court.

Defendants-Appellants in this case moved to stay these proceedings in favor of arbitration or in the alternative to dismiss. The district court denied the motion to stay the litigation in favor of arbitration. The district court also denied the motion to dismiss, even though it found that Vinewood failed to state a cause of action for any of the claims it raised in this suit. Instead it allowed Vinewood an opportunity to amend. Vinewood has since filed a Second Amended Complaint. Defendants have filed a motion to dismiss the amended complaint which is pending. Defendants-Appellants appeal the denial of their motion for stay pending arbitration. The merits of the motion to dismiss are not part of this appeal.

## II.

Ordinarily under 9 U.S.C. § 16(a)(1)(A), this court has jurisdiction to hear an appeal of a court order denying a stay in favor of arbitration under 9 U.S.C. § 16(a)(3). Vetco Sales, Inc. v. Vinar, 98 Fed. Appx. 264, 265 (5th Cir. 2004); May v. Higbee Co., 372 F.3d 757, 763 (5th Cir. 2004). Vinewood argues that jurisdiction is lacking in this case because the matter is not ripe. It argues that further factual development is required for this appeal because the district court dismissed the complaint that was the basis for the motion to stay in favor of arbitration and granted the Plaintiff's leave to amend. Vinewood has filed a Second Amended Complaint which Vinewood argues contains operative facts that must be considered in any decision on the motion to stay. In addition, the Defendants have filed another motion to stay directed towards the amended complaint.

This argument is without merit. The district court did not dismiss Vinewood's First Amended Complaint. In fact, it clearly denied the Defendants'

motion to dismiss as well as the motion for a stay in favor of arbitration. The district court did instruct Vinewood to file an amended complaint. While the Second Amended Complaint would make consideration of the motion to dismiss not ripe in this appeal, it has no affect on the motion for stay. The renewed motion for stay similarly has no affect on this appeal. Although the Defendants did renew their motion for a stay along with a new motion to dismiss after the filing of the Second Amended Complaint, they did so out of an abundance of caution and the merits of the motion are addressed solely to the dismissal. The only relevance is whether it contains allegations which might change the outcome of the motion for stay. Based on our review, the essential allegations in the Second Amended Complaint remain unchanged. The Plaintiff's claims still rest on the breach of alleged oral agreements, not breaches of the Settlement Agreement or Mudaraba Agreement which contain the arbitration provisions. Accordingly, nothing in the Second Amended Complaint affects the analysis below of the merits of the motion for stay pending arbitration.

Vinewood also argues that this Court has no jurisdiction over this appeal because the appeal has been rendered moot by the Defendants' second motion to dismiss. This argument is similarly without merit. A case becomes moot if an intervening factual event causes a party to no longer have a present right to be vindicated or a stake or interest in the outcome. Dailey v. Vought Aircraft Co., 141 F.3d 224, 227 (5th Cir. 1998). The filing of the Second Amended Complaint and the second motion to dismiss affect only the issues relevant to the motion to dismiss – not the motion for stay in favor of arbitration. Nothing has happened in the district court that divests the parties of their stake in the outcome of the motion for stay.

III.

The Defendants-Appellants rely on the arbitration provisions in the Settlement Agreement and the Mudaraba Agreement as a basis to force

5

arbitration in this case. Although there is a strong and liberal policy favoring arbitration and the enforcement of arbitration agreements, "courts may require a party to submit a dispute to arbitration only if the party has expressly agreed to do so." Pers. Sec. & Safety Sys., Inc. v. Motorola Inc., 297 F.3d 388, 392 (5th Cir. 2002)(citations omitted). The district court correctly found that "[i]t is undisputed that Defendants [DMI Trust, Rawashdeh and Janahi] are not parties to the Mudaraba Agreement as that agreement is a written contract between Vinewood and Alpha Investment. It is also undisputed that Vinewood is not a party to the Settlement Agreement." The Settlement Agreement is between Pardue, Fairchild and Conrad and Overland Realty, Rawashdeh and IICGB. There is no agreement to which all Plaintiffs and Defendants in this case are both parties which requires arbitration of disputes.

The Defendants-Appellants argue that the Settlement Agreement and the Mudaraba Agreement are part of a series of interrelated agreements, negotiations and discussions. They point out that Vinewood signed the Mudaraba Agreement and Vinewood's principals, Pardue, Fairfield and Conrad, signed the Settlement Agreement and the present dispute involves claims relating to negotiations that were entered into surrounding both the Settlement Agreement and the Mudaraba Agreement. However, Pardue, Fairfield and Conrad did not enter into the Settlement Agreement as representatives of Vinewood. They signed that agreement settling their personal disputes in their individual capacities. In addition, both the Settlement Agreement and the Mudaraba Agreement contain provisions stating that the written agreements constitute the entire agreement between the parties and that the respective writings supercede all prior agreements and understandings between the parties. Therefore, the arbitration provisions in the Settlement Agreement and the Mudaraba Agreement cannot form a basis to compel arbitration involving issues outside those agreements.

The Defendants-Appellants also argue that Vinewood should be compelled to arbitrate under the doctrine of equitable estoppel. The purpose of the equitable estoppel doctrine in this context is to prevent the Plaintiff from claiming the benefits of a contract while at the same time avoiding its burdens. Washington Mutual Finance Group, LLC v. Bailey, 364 F.3d 260, 268 (5th Cir. 2004). Equitable estoppel can be applied to require a signatory to arbitrate a claim against a nonsignatory if the signatory's claims against a nonsignatory rely on the existence and terms of a written agreement which contains an arbitration provision. Equitable estoppel also applies when a signatory to a contract containing an arbitration clause claims substantially interdependent and concerted misconduct by a nonsignatory and a signatory to the contract. Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524, 527 (5th Cir. 2000).

Neither situation applies in this case. Both bases for equitable estoppel require the party bringing the claim be a party to the agreement containing the arbitration provision. The Settlement Agreement does not provide a basis for arbitration because Vinewood is not a signatory to that agreement. Although Vinewood is a signatory to the Mudaraba Agreement, none of the Defendants is a signatory to that agreement. In addition, neither the Settlement Agreement nor the Mudaraba Agreement, although they may be peripherally related to the dispute in this case, provide a basis to support Vinewood's claims against the Defendants.

## IV.

The district court thoroughly analyzed the Defendants' arguments in favor of arbitration. For the reasons set forth above and in the district court's Order Denying Defendants' Motion to Stay or Dismiss dated September 26, 2007, we affirm.

AFFIRMED.